United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HIGH TECH BURRITO CORP.,

    Plaintiff,

v.

AMRESCO COMMERCIAL FINANCIAL, LLC, as successor in interest to AMRESCO COMMERCIAL FINANCIAL, INC; et al.,

    Defendants,
                                 /

No. C 06-4341 SI

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND; VACATING SEPTEMBER 29, 2006 HEARING**

Defendant has filed a motion to dismiss, which is currently scheduled for a hearing on September 29, 2006. Pursuant to Civil Local Rule 7-1(b), the Court determines the matter is appropriate for resolution without oral argument and VACATES the hearing. After consideration of the parties' papers, and for the reasons set forth below, the Court hereby GRANTS defendant's motion, and GRANTS plaintiff leave to amend.

**BACKGROUND**

This case challenges certain terms of a promissory note entered into between plaintiff High Tech Burrito Corporation ("High Tech") and Amresco Commercial Financial Inc. Defendant Amresco Commercial Financial LLC is the successor in interest to Amresco Commercial Financial Inc., (collectively "Amresco"). Complaint ¶ 2. The complaint alleges that in June 2000, High Tech entered into an agreement with Amresco under which High Tech would borrow, and Amresco would lend, $1,510,000. *Id.* ¶ 5. High Tech borrowed this money to finance its business as owner and operator of a chain of restaurants in the San Francisco Bay Area. *Id.* A promissory note date June 22, 2000 secured

the loan. *Id.* and Ex. A (promissory note).

The promissory note provides that High Tech promises to repay "the principal sum of One Million Five Hundred Ten Thousand Dollars and No Cents ($1,510,000.00) (the 'Aggregate Loan Amount') and an amount up to One Hundred Sixty Seven Thousand Seven Hundred Seventy Seven Dollars and Seventy Eight Cents ($167,777.78) (the 'Aggregate Credit Enhancement Amount') . . . together with all interest accrued thereon . . . ." *Id.* at Ex. A, p. 1. The promissory note further provides that the applicable interest rate is 10.45%. *Id.* at Ex. A, p. 15. Under a section titled "Limitation on Interest," the note states,

> [I]n no event shall the amount or rate of interest or other amounts payable, contracted for, charged or received under or in connection with this promissory note, from time to time or for whatever reason, exceed the maximum rate or amount, if any, specified by applicable law. If any such payment is found to be usurious, such portion of the payment that is considered usurious shall be treated as a principal payment.

*Id.* at Ex. A, p. 9. Finally, the note states that it is governed by the laws of Idaho. *Id.* at Ex. A, p. 9.

According to the complaint, since the effective date of the promissory note, High Tech has made timely payments of principal and interest on the Aggregate Loan Amount of $1,510,000. *Id.* ¶ 14. In addition, through June 1, 2006, High Tech has also paid $102,274.54 in interest on the Aggregate Credit Enhancement Amount. *Id.* ¶ 16. The complaint alleges that Amresco is demanding that High Tech pay another $13,814.01 in interest on the Aggregate Credit Enhancement Amount during the period August 1, 2006 to the final payment on July 1, 2007, and further that High Tech pay, during the time from January 1, 2007 to July 1, 2007, the total Aggregate Credit Enhancement Amount of $167,777.78. *Id.* ¶¶ 16-17. Plaintiff seeks declaratory and injunctive relief challenging the Aggregate Credit Enhancement Amount, and any interest thereon, as unlawful interest in violation of Idaho law.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), overruled on other grounds by *Davis v. Scherer*, 468 U.S. 183 (1984).

2

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has repeatedly held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F. 3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

The complaint alleges that the Aggregate Credit Enhancement Amount, and the obligation to pay interest thereon, is illegal under Idaho Commercial Transactions Code § 28-22-104 and *Bjornstad v. Gridley Investment Co.*, 92 Idaho 402 (1968). The complaint further alleges that the Aggregate Credit Enhancement Amount of $167,777.78 constitutes unlawful interest above the rate of 10.45% stated in the promissory note. Defendant's motion to dismiss challenges each basis of plaintiff's complaint.

First, defendant contends that High Tech cannot state a claim under § 28-22-104 because the Aggregate Credit Enhancement Amount is not "interest." That code section, titled "Legal Rate of Interest," provides,

> (1) When there is no express contract in writing fixing a different rate of interest, interest is allowed at the rate of twelve cents (12¢) on the hundred by the year on:
> 1. Money due by express contract.
> 2. Money after the same becomes due.
> 3. Money lent.
> 4. Money received to the use of another and retained beyond a reasonable time without the owner's consent, express or implied.
> 5. Money due on the settlement of mutual accounts from the date the balance is ascertained.
> 6. Money due upon open accounts after three (3) months from the date of the last item.
>
> (2) The legal rate of interest on money due on the judgment of any competent court or tribunal shall be the rate of five percent (5%) plus the base rate in effect at the time of entry of the judgment. The base rate shall be determined on July 1 of each year by the

3

        Idaho state treasurer and shall be the weekly average yield on United States treasury securities as adjusted to a constant maturity of one (1) year and rounded up to the nearest one-eighth percent ( 1/8 %). The base rate shall be determined by the Idaho state treasurer utilizing the published interest rates during the second week in June of the year in which such interest is being calculated. The legal rate of interest as announced by the treasurer on July 1 of each year shall operate as the rate applying for the succeeding twelve (12) months to all judgments declared during such succeeding twelve (12) month period. The payment of interest and principal on each judgment shall be calculated according to a three hundred sixty-five (365) day year.

I.C. § 28-22-104. Amresco contends that this code section governs prejudgment interest, and that to the extent it is applicable to the promissory note, nothing in this section prohibits the imposition of the Aggregate Credit Enhancement Amount.

        The Court concludes that § 28-22-104 does not provide plaintiff with a cause of action to challenge the Aggregate Credit Enhancement Amount. That section simply provides a default rate of interest "[w]hen there is no express contract in writing fixing a different rate of interest . . . ." I.C. § 28-22-104(1), and also sets the interest rate "on money due on the judgment of any competent court or tribunal . . . ." *Id.* at (2). Here, the promissory note sets the rate of interest at 10.45%, and thus § 28-22-104 is inapplicable.[1]

        The complaint also cites *Bjornstad v. Gridley Investment Co.*, 92 Idaho 402 (1968), in support of plaintiff's claim for declaratory and injunctive relief. However, as plaintiff concedes, *Bjornstad* involved a claim under Idaho's since-repealed usury statute, Idaho Code § 28-22-107. *See Bjornstad*, 92 Idaho at 406 (quoting language of repealed statute); *compare* I.C. § 28-22-107 (2006); *see also Irwin Rogers Ins. Agency Inc. v. Murphy*, 122 Idaho 270, 275 & n.1 (1992) (discussing repeal of usury statute). Plaintiff contends that notwithstanding the repeal of Idaho's usury statute, basic principles of fairness permit High Tech to challenge excessive charges such as the Aggregate Credit Enhancement Amount. While that may be true, plaintiff must allege a statutory or common law claim to challenge such a charge; *Bjornstad* does not provide High Tech with a cause of action.

        Finally, the complaint alleges that the Aggregate Credit Enhancement Amount constitutes unlawful "interest" in violation of the terms of the promissory note because it exceeds the 10.45%

---

[1] Because the Court concludes that plaintiff has not stated a claim under I.C. § 28-22-104, the only code section alleged in the complaint, the Court finds it unnecessary to reach the parties' arguments regarding other code sections not plead in the complaint, including whether the Aggregate Credit Enhancement Amount is "interest" or a "finance charge."

4

interest rate set forth in the promissory note. However, even if this assertion is true, the complaint must identify a statutory or common law claim under which plaintiff can pursue such a theory. To the extent plaintiff suggests that § 28-22-104 permits High Tech to pursue such a theory, the Court disagrees. As stated *supra*, that code section does not prohibit any type of interest or charges, and simply sets a default rate of interest in the absence of an agreement "fixing a different rate of interest . . . ." I.C. § 28-22-104(1).

Plaintiff requests leave to amend the complaint to assert claims for, *inter alia*, economic duress and unconscionable contract. Although defendant is correct that plaintiff's request is procedurally improper due to the failure to submit a proposed amended complaint, in light of the liberal policy favoring amendment, the Court will GRANT plaintiff leave to amend.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS defendant's motion to dismiss, and GRANTS plaintiff leave to amend. (Docket No. 11). Plaintiff shall file an amended complaint by **October 10, 2006.**

**IT IS SO ORDERED.**

Dated: September 28, 2006

SUSAN ILLSTON
United States District Judge